UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF INDIANA

| MALIBU MEDIA, LLC | ) | |
|---|---|---|
| Plaintiff | ) | Civil Action Case No.:  1:12 cv 0116RLY- MJD |
| Vs | ) | |
| MEGAN RUMPKE, ET AL | ) | |
| Defendant | ) | |

## AMENDED ANSWER

COMES NOW the Defendant, Nick Whetsel, and files the amended answer to the Amended Complaint, says as follows:

### INTRODUCTION

1. The Defendant lacks sufficient knowledge to admit or deny, notably whether United States Copyright Act of 1976, as amended, 17 USC section 101 et seq (Copyright Act), is applicable in the matter and/or was violated, paragraph 1.
2. The Defendant denies there was a violation of the Copyright Act, and any contributory copyright infringement, paragraph 2.

### JURISIDCTION AND VENUE

3. The Defendant lacks sufficient knowledge to admit or deny the statement as to jurisdiction, paragraph 3.
4. The Defendant lacks sufficient knowledge to admit or deny the statement, but admits that (he) resides in Delaware County, Indiana, paragraph 4.
5. The Defendant lacks sufficient knowledge to admit or deny the statement as to venue, paragraph 5.

### PARTIES

6. The Defendant lacks sufficient knowledge to admit or deny stated information about the Plaintiff, paragraph 6.
7. The Defendant lacks sufficient knowledge about other stated Defendants and/or their addresses, that cover pleading paragraphs 7, 8, 9, 10, 11, 13, and 14 (John Doe by an IP address), paragraph 6.
8. The Defendant admits paragraph 12, noting the stated address for the Defendant.

### JOINDER

9. The Defendant lacks sufficient knowledge to admit or deny any statement as to joinder or other content, paragraph 15.
10. The Defendant lacks sufficient knowledge to admit or deny anything about any copyright allegedly owned and/or controlled by the Plaintiff, paragraph 16.
11. The Defendant lacks sufficient knowledge to admit or deny any date of registration for The Work, paragraph 17.
12. The Defendant lacks sufficient knowledge to admit or deny paragraph 18.

### II *Defendant Used Bi Torrent To Infringe Plaintiff's Copyright*

13. The Defendant lacks sufficient knowledge to admit or deny paragraphs regarding BitTorrent, paragraphs 19, 20.

#### A *Each Defendant Installed a BitTorrent Client onto his or her Computer*

14. The Defendant lacks sufficient knowledge to admit or deny statements with regard to BitTorrent, paragraphs 21, 22, 23.

#### B *The Initial Seed, Torrent, Hash and tracker*

15. The defendant lacks sufficient knowledge to admit or deny paragraphs 24, 25, 26, 27, 28, 29, 30, 31.

#### C *Torrent Sites*

16. The Defendant lacks sufficient knowledge to admit or deny paragraph 32.
17. The Defendant denies actions to illegally and/or improperly handle copyrighted Work as alleged by the Plaintiff, paragraph 33

#### D *Uploading and Downloading a Work Through a BitTorrent Swarm*

18. The Defendant lacks sufficient knowledge to admit or deny paragraphs 34, 35, 36, 37, 38, 39, 40.

*E Plaintiff's Computer Investigators Identified Each of the Defendants IP*

*Address as participants in a swarm That was Disturbing Plaintiff's Copyrighted Work*

19. The Defendant lacks sufficient knowledge to admit or deny paragraphs 41, 42, 43, 44(A)(B), 45, 47, 47, 48, 49.

*Count 1*

*Direct Infringement Against the Defendant, …Nick Whetsel……*

20. The defendant lacks sufficient knowledge to admit or deny paragraphs 50, 51, 52, 53.
21. The Defendant denies paragraph 54, notably as to any reproduction, redistribution, performance, display Work as alleged by the Plaintiff, paragraph 54.
22. The Defendant denies there was infringement of any copyright as alleged by the Plaintiff AND that the Plaintiff suffered any damages in any manner, paragraphs 55, 56.

*Count II*

*Contributory Infringement Against ….Nick Whetsel….*

23. The Defendant lacks sufficient knowledge to admit or deny paragraphs 57, 58, 59, 60, 61, 62, 63.
24. The Defendant denies participation as alleged by the Plaintiff as to the Work; there was infringement, notably as being 'willful' within the stated law; or there were any damages suffered by the Plaintiff with regard to the stated copyright, paragraph 64, 65, 66.

_____

Nick Whetsel, pro se, Defendant


**Affirmative Defenses**

1. Failure to state a claim upon which relief may be granted, FRCP 12 C.
2. Lack of subject matter jurisdiction as to the Defendant, where copyright registration and/or timely registration as to the Work.
3. The Work was not within the controlling statute, as to originality and not subject to protection.
4. The copyright is invalid and/or unenforceable.
5. There is the matter of 'fair use' as to any work, assuming there was any use of the Work, and authorized use of the Work, express or implied.

6. The Plaintiff is precluded from recovery in the action where they have 'unclean hands', notably as to their actions in the matter and manner in which they have acted in this matter specifically, and the matter, generally.
7. The Plaintiff failed to mitigate damages, assuming there was any improper action by the Defendant.
8. The Plaintiff is barred to the extent that the Plaintiff forfeited and/or abandoned the intellectual property.
9. The Plaintiff is barred from recovery to the 'good faith' and/or 'not willful'.
10. The claim for statutory damages under 17 USC section 504 is barred, where the copyright registration was not made within three months after the first publication of the Work, as mandated by 17 USC section 412.
11. The action of the Plaintiff was brought in bad faith, and lacks merit in facts and/or law to support the action, regardless of any merit or not to this or any other of the numerous actions brought by the Plaintiff, Malibu Media LLC, relying on threats, coercion, and intimidation, to secure payments from those whose action do not fall within the realm of prohibited conduct under copyright.
12. The Plaintiff alleged a violation against the Defendant, where they failed to identify the Defendant, and merely refers to the Defendant as an internal private IP address, a number generated at random in a certain scope (x.x.x.2-253), with regard to any alleged violation of any Work stated to be owned and/or controlled by the Plaintiff.
13. The Defendant had an open and unsecured wifi connection, through Comcast internal service provider (ISP), where other persons used and were in a position to use that open and unsecured server connection which assigns an internal private IP address at random, rather than a specific individual.
14. The Plaintiff did not identify the Defendant, Nick Whetsel, rather there are numerical designations for any users through the open and unsecured connection only the external IP owned and provided by Comcast.
15. The Plaintiff failed to establish a direct connection, where a violation was alleged, a violation of the copyright on a Work, and the identification that the defendant violated any copyright allegedly controlled by the Plaintiff, acting as copyright trolls in the filing against the Defendant herein.
16. The Defendant took no actions that violated the stated copyright.
17. The Plaintiff did not state the source computer, site, other, of any alleged copyright for any alleged infringement by the Defendant.

*[signature]*

*Counterclaim*

*Factual Basis*

1. The Plaintiff stated there was a copyright protected work, referred to as the "Work", registered on or about June 6, 2006.
2. The statement that BitTorrent was used to violate the stated copyright protection of the Plaintiff, Malibu Media LLC.
3. There have been actions by Malibu Media LLC, Plaintiff, to file against persons reportedly violating the copyright, in multiple states and courts.
4. There was the statement that the Defendant, Nick Whitsel, and others used BitTorrent to violate the copyright of the Plaintiff, utilizing the legal process thereafter to intimidate, coerce and threaten individuals stated to have violated the Plaintiff's copyright, with regard to the Work.
5. The Plaintiff utilized a "tracker" (page 5, paragraph 28), with the capacity to identify files, length, piece length used and the identifier for each piece, used on peer computers and URL address(es).
6. The use of the "initial seed" in the process, and it being divided into "pieces", as part of BitTorrent.
7. The use of the IPP (International IP Tracker), with the BitTorrent to ...reproduce, distribute, display, perform, or make into derivative work without permission of the Plaintiff's copyrighted works.
8. The software used by the Plaintiff, Malibu Media LLC, extract personal information about the target.
9. The software also extracts the content, with files with a hash value/number.
10. The statement that the IPP agent was able to view "side by side" (page 8, paragraph 47) "...with the digital medium that correlates to the unique hash number and determined that they were identical, strikingly similar or similarly similar."
11. The Defendant accessed the internet through a connection obtained through Comcast, which was open and unsecured, where others were in the position, to connect at will to the internet.
12. Names were not designated for any person, rather a random numerical designation, an IP address, identification stated to be Nick Whetsel, no personal and no verification.

*Invasion of Privacy*

13. The Defendant incorporates paragraphs 1-12.
14. The Plaintiff alleged that they had a copyrighted Work, that were violated by the actions of the Defendant, and multiple others where there were filings in different jurisdictions and courts.
15. The Plaintiff used software to invade the computer of the Defendant, a "tracker".

16. The Plaintiff acted knowingly to inquire into the content of the Defendant's computer, gaining access to personal information of Nick Whetsel.
17. The Plaintiff acted to violate the privacy of the Defendant, acting consciously and knowingly against the Defendant.
18. The actions of the Plaintiff resulted in threats, coercion and intimidation against the Defendant, with a demand for a money settlement, and thereafter the filing of the action against the Defendant for copyright violation of the Work.
19. The Defendant was damaged as a direct and proximate results of the Plaintiff's action, including but not limited to compensatory damages.
20. The actions of the Plaintiff were calculated and premeditated, and Defendant requests punitive damages against the Plaintiff in a proper amount.

WHEREFORE, the Defendant, Nick Whetsel, prays judgment against the Plaintiff, Malibu Media LLC, for invasion of privacy, for compensatory damages for $3 million, punitive damages, and for all other just and proper relief in the matter.

*[signature]*

Nick Whetsel, pro se, Defendant/Plaintiff

*Abuse of Process*

21. The Defendant incorporates paragraphs
22. The Plaintiff. Malibu Media , filed a lawsuit, designating the Defendant as a person that violated their copyright in a protected Work.
23. The Plaintiff has filed complaints in different jurisdictions and different courts , alleging the violation of their copyright.
24. The Plaintiff acted to threaten, coerce and intimidate the Defendant for a monetary settlement, before any filing.
25. The Plaintiff presented a document of admission for information and the signature of the Defendant.
26. The Plaintiff thereafter filed the action that alleged the violation of their copyright.
27. The Plaintiff filed the actions against the Defendant, specifically, where there was a random internal IP address, and no verification that the Defendant violated the stated copyright of the Plaintiff; lacking the proper basis under law to support any action.
28. The action was that of a "copyright troll", whose purpose was to act without regard to a legitimate claim against the Defendant, specifically, and multiple others, generally.
29. The Defendant has had to deal with the litigation, and otherwise affecting the Defendant to his detriment.

30. The Plaintiff was damaged as a direct and proximate result, including out of pocket, and compensatory damages.
31. The actions of the Plaintiff were calculated and premeditated, and Defendant requests punitive damages against the Plaintiff in a proper amount.

WHEREFORE, the Defendant, Nick Whetsel, prays judgment against the Plaintiff, Malibu Media LLC, for abuse of process, for compensatory damages in the sum of $3 million, punitive damages, and for all other just and proper relief in the matter.

Nick Whetsel, pro se, Defendant

*Intentional Infliction of Emotional Distress*

32. The Defendant incorporates by reference paragraphs
33. The actions of the Plaintiff were extreme and outrageous with regard to alleged violations of copyright.
34. Prior to any filing, the Plaintiff engaged in threats, coercion and intimidation.
35. The actions of the Plaintiff were compounded with the filing of the case in federal court.
36. The cumulative actions of the Plaintiff had a detriment al impact on the Defendant.
37. The actions of the Plaintiff were calculated and premeditated.
38. The Defendant was damaged as a direct and proximate result of the Plaintiff's actions, including compensatory damages.
39. The actions of the Plaintiff were calculated and premeditated, and Defendant requests punitive damages in a proper amount.

WHEREFORE, the Defendant, Nick Whetsel, prays judgment against the Plaintiff, Malibu Media LLC, for intentional infliction of emotional distress, for compensatory damages in the sum of $3 million, punitive damages, and for all other just and proper relief in the matter.

Nick Whetsel, pro se, Defendant

### *Defamation*

40. The Plaintiff made a statement with regard to the Defendant, Nick Whetsel. Where there was the filing made against him in federal court.
41. The Work that was alleged to have been the subject of the action was stated to be pornography, and Defendant's alleged use of the Plaintiff's Work, and a violation of copyright of the Plaintiff.
42. The filing made it possible for other to make inquiry and/or the Defendant to found on the internet, in association with the allegations made by the Plaintiff, Malibu Media.
43. The allegations made by the Plaintiff are defamatory and/or have a defamatory imputation for the Defendant.
44. The action was done with malice, where the facts and circumstances surrounding the allegations are not supported by the facts, and/or known to be the case.
45. The defamatory allegations against the Defendant were published.
46. The Defendant was damaged as a direct and proximate result, including but not limited to the statement made against the Defendant on its face to warrant damages, compensatory damages in the sum of $3 million, and punitives.

WHEREFORE, the Defendant, Nick Whetsel, prays judgment against the Plaintiff, Malibu media, for defamation, and damages, punitive damages, and for all other/just and proper relief in the premises.

Nick Whetsel, pro se, Defendant

### *Civil Conspiracy*

47. The Defendant incorporates by reference paragraphs
48. The Plaintiff, Malibu Media, filed the action against the Defendant for copyright violation of the Work.
49. The Plaintiff, acting with IPP, and others, for the purpose of creating fraudulent cases against persons, specifically including the Defendant, Nick Whetsel.
50. IPP was expressly acknowledged in the complaint of the Plaintiff, paragraph 41.
51. The actions of the Plaintiff, included but not limited to using a 'tracker' to, at minimum, violate the privacy rights of the Defendant.
52. The actions of the Plaintiff and IPP, at minimum, established essential facts to not support any claim against the Defendant, that included a router, open wifi connection, a random number assignment, no verification to identify the Defendant as having infringed any copyright stated to be owned by the Plaintiff.

53. The actions of the Plaintiff, in collaboration with others, was a civil conspiracy against the Defendant, where the violations, under tort and any other theory, resulted in the filing, where it was not supported by the facts and/or the law.
54. The Defendant was damaged as a direct and proximate result herein, where the damages include compensatory damages in the sum of $3 million, punitive damages.

WHEREFORE, the Defendant, Nick Whetsel, prays judgment against the Plaintiff, Malibu Media, for civil conspiracy, compensatory damages in the sum of $3 million, punitive damages, and for all other just and proper relief in the premises.

Nick Whetsel, pro se, Defendant

Certificate of Service

The answer to the **AMENDED COMPLAINT** from the Defendant, Nick Whetsel, was served on the counsel for the Plaintiff, Nicoletti & Associates, Paul J Nicoletti, 36880 Woodware Avenue, Suite 100, Bloomfield Hills, MI, 48304, by prepaid U.S. postage.

*[signature]*

Nick Whetsel, pro se, Defendant