UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT INDIANA

| | |
|---|---|
| MALIBU MEDIA, LLC, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>MEGAN RUMPKE, ZHIWEI XIAO, )<br>JOHN MUTZ, TIM DODD, JENNIFER )<br>FOREMAN, NICK WHETSEL, )<br>HAISHAN WANG and JOHN DOE 1, )<br>)<br>    Defendants. )<br>_____)  | Civil Case No. 1:12-cv-01116-RLY-MJD |

**PLAINTIFF'S MOTION FOR THE ENTRY OF AN ORDER AUTHORIZING COMCAST TO COMPLY WITH A THIRD PARTY SUBPOENA**

Plaintiff, Malibu Media, LLC ("Plaintiff"), moves for entry of an order authorizing Comcast to comply with Plaintiff's third party subpoena, and states:

1. Plaintiff established a direct TCP/IP connection with a computer using Defendant's IP Address.

2. In response to a subpoena requesting that Comcast Corporation ("Comcast" or the "ISP") identify the subscriber of IP address 98.227.6.145 on June 12, 2012, Comcast identified Defendant Nick Whetsel as the applicable subscriber.

3. Plaintiff intends to serve a Subpoena *Duces Tecum* for Deposition (the "Subpoena") on Comcast.

4. The scope of the Subpoena will be limited to documents and Fed.R.Civ.P. 30(b)(6) deposition topics to those that refer or relate to:

1

(a) Plaintiff's ability to lay the foundation for the introduction of the correlation of IP Address to subscriber for purposes of use at trial (i.e., laying the foundation that the correlating documents produced by the ISPs are business records);

(b) Information about the reliability of the ISP's correlating technique;

(c) DMCA notices and if applicable six strike notices sent to the Defendant;

(d) Defendant's Bandwidth usage;

(e) Content viewed by Defendant to the extent the content is the same show or movie that Plaintiff's additional evidence indicates that Defendant also used BitTorrent to download and distribute.

5. Each of the above categories of documents and Fed.R.Civ.P. 30(b)(6) deposition topics is highly relevant. Indeed, if Plaintiff cannot introduce the correlating evidence into trial then Plaintiff will lose this case. It is quite simply outcome dispositive. The reliability of the ISP's correlating techniques is also highly relevant. In a previous deposition, Comcast's 30(b)(6) witness testified that Comcast was "absolutely certain" that its correlation was accurate; this virtually eliminates any argument that there was a misidentification at the ISP correlation level. DMCA notices and six strike notices are relevant because these notices may prove a pattern of infringement or notice that infringement is occurring or both. Bandwidth usage is relevant because people who are heavy BitTorrent users use significantly more bandwidth than normal internet users. Finally, Plaintiff has evidence that Defendant has used BitTorrent to download and distribute works belonging to third parties. If Defendant also ordered these works from the ISP or prequels or sequels to these works from the ISP then it is probative evidence that the person using BitTorrent to down and distribute the third party works also controlled the pay-per-view cable selections.

6. A deposition is needed: (a) so that Plaintiff can avoid surprises at trial and properly prepare for trial; and (b) because if the ISP ignores a trial subpoena Plaintiff needs to be able to read the ISP's deposition into evidence. Also, Plaintiff intends to seek Defendant's stipulation to reading the deposition into evidence at trial so as to avoid the necessity of having the ISP appear as witness. Alternatively, if Comcast does not appear in response to a subpoena at trial, Plaintiff can read the deposition into evidence.

7. Pursuant to the Cable Act 47 U.S.C. § 551(c), a court order authorizing the ISPs to comply with the subpoenas is necessary.

WHEREFORE, Plaintiff respectfully requests the Court enter an order authorizing the ISP to comply with the subpoena *duces tecum* for deposition.

Dated: November 13, 2013.

                                                  NICOLETTI & ASSOCIATES, PLLC

By:   /s/ *Paul J. Nicoletti*
Paul J. Nicoletti, Esq. (P44419)
36880 Woodward Ave, Suite 100
Bloomfield Hills, MI 48304
Tel: (248) 203-7800
Fax: (248) 203-7801
E-Fax: (248) 928-7051
Email: paul@nicoletti-associates.com
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

       I hereby certify that on November 13, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Nick Whetsel
1224 North Bittersweet Lane
Muncie, IN 47304
*Pro se*

                                                     By:  /s/ *Paul J. Nicoletti*