IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT INDIANA

Civil Action No. 1:12-cv-01116-RLY-MJD

MALIBU MEDIA, L.L.C.

    Plaintiff,

v.

NICK WHETSEL, et al.

    Defendant.

> Defendant's motion is **DENIED**. The alleged "exhibit" at issue in Defendant's motion was never filed in this matter. Accordingly, Rule 11 under which Defendant moves is wholly irrelevant to that document, which appears to have been communicated to Defendant as part of settlement discussions.
> Dated: November 27, 2013
>
> Mark J. Dinsmore
> United States Magistrate Judge
> Southern District of Indiana

## DEEFENDANT'S MOTION FOR SANCTIONS AGAINST PLAINTIFF FOR HARRASSMENT AND INTIMIDATION

Defendant, Nick Whetsel ("Defendant"), appearing pro se, hereby moves for the entry of an order sanctioning Plaintiff Malibu Media,LLC ("Plaintiff") Under Fed. R. Civ. P. 11 and files this memorandum in support:

### I. INTRODUCTION

On July 18th at 9:25 P.M. Plaintiff just hours after first initial conference hearing was sent an email by counsel Paul J. Nicoletti to Nick Whetsel in regards to settlement in which Plaintiff said they would settle for enclosed amount and that the amount was figured on the base the Defendant allegedly also downloaded several other of their clients movies . See Exhibit A.   Included in this email was a spreadsheet attachment that Plaintiff also included, specifically, this exhibit purports to include titles of other movies *not* subject to plaintiff's copyright, but downloaded allegedly by the defendant and chosen by plaintiff to embarrass and harass to leverage settlement. See Exhibit B.   Malibu Media, LLC said the content was to be used as Evidentiary Purposes and explained that they have been surveillancing defendant's IP address.

Defendant asks the court, under what rule of evidence would Exhibit "C" be relevant at any stage of this lawsuit?   Propensity evidence is forbidden by F.R.Ev. 404(b)(1).

Magistrate Judge Stephen L. Crocker in a recent opinion and order stated that the intent was "to harass and intimidate defendants into early settlements by use of the salacious nature of others' materials, rather than the merit of its own copyright claims." see Opinion and Order Case: 3:13-cv-00205-wmc Document #31 filed 9/10/13 in the United States District Court For The Western District of Wisconsin.

**Wherefore,**

**Defendant asks the court the following:**

1. Malibu media has already been sanctioned in this matter in another court and defendant asks why this court not look at this matter and respectfully grant Defendant's Motion and enter an award of Sanctions against Plaintiff Malibu Media as their intent was to gain leverage and use as a scare tactic for defendant to settle the matter.

2. To validate that this is not happening in other cases in this Court as others more than likely are seeing this same type of content and being harassed and intimidated in other cases.

Respectfully submitted,

Nick Whetsel   Pro Se


**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was served on Plaintiff/counsel on 11/21/13 via U.S. Mail Paul J. Nicoletti 36880 Woodward ave. Suite 100, Bloomfield hills, MI 48304.   A copy was also submitted to the Clerks Office via U.S. mail on 11/21/13.

Nick Whetsel   Pro Se